UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01649-DOC-AJR                                    Date:  October 8, 2024

Title: MICHAEL GRECCO PRODUCTIONS, INC. V. STUDIOBINDER INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [16]**

Before the Court is Plaintiff Michael Grecco Productions' ("Plaintiff") Motion for Default Judgment ("Motion") (Dkt. 16) against Defendant StudioBinder Inc. ("Defendant"). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering all relevant filings, the Court **GRANTS** the Motion for Default Judgment and **VACATES** the hearing scheduled for October 14, 2024.

**I.     Background**

   **A.     Facts**

The following facts are drawn from Plaintiffs' Complaint ("Complaint") (Dkt. 1). Michael Grecco is a professional photographer who owns Michael Grecco Productions, Inc. ("Plaintiff"). Grecco created a photograph of American film producers Peter Guber and Peter Bart ("the Photograph") which Plaintiff legally owns. The Photograph is an original, creative work. Plaintiff owns the rights and licenses for various uses of the Photograph including online and print publications. On September 22, 2003, the Photograph was registered by the United States Copyright Office ("USCO") under

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01649-DOC-AJR            Date: October 8, 2024

Page 2

Registration No. VAu 602-685. Grecco created the Photograph with the intention of using it commercially.

On or about June 3, 2016, Defendant copied and displayed the Photograph without Plaintiff's permission on a website that it owns and operates. Defendant's website is at the domain www.app.productionbeast.com. Plaintiff discovered this infringement on June 5, 2024. Plaintiff alleges that the use of the Photograph on Defendant's website increased traffic to the website and led to an increase in revenue for Defendant. Plaintiff alleges that this use harmed the actual market for the Photograph.

On June 12, 2024, Plaintiff sent an email to Defendant about the use of the Photograph and offered Defendant a retroactive licensing fee arrangement. Plaintiff emailed Defendant again on June 17, 2024 and again on June 25, 2024. Defendant failed to respond. Defendant continues to infringe on Plaintiff's work despite these notices. Based on these facts, Plaintiff alleges that Defendant has directly and willfully infringed on its copyright in violation of 17 U.S.C. §501 et seq.

Plaintiff now requests a total of $157,087.80 which includes (1) statutory damages for direct infringement in the amount of $150,000.00; (2) attorneys' fees in the amount of $6,600.00; and (3) costs in the amount of $487.80.

### B. Procedural History

On July 29, 2024, Plaintiff filed the Complaint (Dkt. 1). On August 3, 2024, Plaintiff served Defendant with the Complaint and Summons. On August 6, 2024, Plaintiff filed proof of service with the Court. (Dkt. 11). On September 3, 2024, Plaintiff filed a Request for the Clerk to enter default against Defendant, which was granted on September 4, 2024, pursuant to Fed. R. Civ. P. 55(a). (Dkts. 13-14). On September 12, 2024, Plaintiffs filed the instant Motion with this Court asking for Default Judgment ("Motion") (Dkt. 16). The Motion was served on Defendant on September 12, 2024 by USPS mail.

## II. Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01649-DOC-AJR                          Date: October 8, 2024

Page 3

party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

#### A. Procedural Requirement

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Plaintiff requested and received an entry of default against Defendant. (Dkts. 13-14). Plaintiff properly served Defendant (Dkt. 11). Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Motion.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01649-DOC-AJR    Date: October 8, 2024

Page 4

### B.     *Eitel* Factors

#### 1.     The Possibility of Prejudice to Plaintiffs

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id*. Plaintiff argues that a judicial resolution may never occur without default judgment. Presumably, the infringement will also continue without a judgment. Accordingly, the Court finds that this factor weighs in favor of default judgment.

#### 2.     Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff's Complaint and Motion include facts sufficient to establish that Defendant is liable for direct copyright infringement of Plaintiff's Photograph in violation of 17 U.S.C. §501. Plaintiff copyrighted the Photograph at issue and provided evidence of that copyright (Dkt. 16-2). Plaintiff also provided evidence of Defendant's website displaying the Photograph. The Photograph on the website appears to be an exact copy of the Photograph created and copyrighted by Michael Grecco. Taking Plaintiff's allegations as true, Plaintiff repeatedly attempted to contact Defendant about the use of the Photograph and did not permit Defendant's continued use of it.

Therefore, the second and third *Eitel* factors weigh in favor of granting the Motion.

#### 3.     Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F. Supp. 2d at 1176. This requires the court to assess whether the recovery sought is proportional to the harm

Case 8:24-cv-01649-DOC-AJR   Document 17   Filed 10/08/24   Page 5 of 8   Page ID #:93

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01649-DOC-AJR                                    Date: October 8, 2024

Page 5

caused by defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. 04-cv-2559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, Plaintiff seeks either actual damages or the statutory maximum of damages for willful infringement under Section 504 of the Copyright Act. To calculate actual damages, Plaintiff provides evidence that a fair licensing fee for use of the Photograph would be $10,000 annually (Dkt. 16-2 Ex. 3). Because the Photograph has been published on Defendant's website since June 2016 to present, Plaintiff asserts that it has lost $80,000 in fees. Plaintiff requests that the Court multiply this amount by five because the infringement was willful and has continued even after this lawsuit was filed.

Alternatively, Plaintiff requests that the Court impose the statutory maximum of $150,000 in damages for willful infringement under Section 504(c)(2) of the Copyright Act. Plaintiff requests a total of $157,087.80 which includes (1) statutory damages for direct infringement in the amount of $150,000.00; (2) attorneys' fees in the amount of $6,600.00; and (3) costs in the amount of $487.80.

Because there is no evidence that infringement was willful until Plaintiff contacted Defendant earlier this year, the Court finds that maximum statutory damages are not appropriate. The Court does find, however, that Plaintiff's lost licensing fees in the form of actual damages are reasonable. Notably, Plaintiff does not have the benefit of calculating greater actual damages in the form of Defendant's revenues from the Photograph because Defendant has failed to respond or appear.

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute about material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff provided a well-pleaded complaint and Defendant failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing

Case 8:24-cv-01649-DOC-AJR   Document 17   Filed 10/08/24   Page 6 of 8   Page ID #:94

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01649-DOC-AJR                                                    Date: October 8, 2024

Page 6

*Televideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendant was properly served with the Complaint and the request for default. Defendant has never appeared or filed an answer or other response. Court therefore finds that the possibility of excusable neglect is low.

### 6. Strong Policy Favoring Decision on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Pepsico*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible."). Since Defendant has not responded to Plaintiffs' Complaint, the Court is not precluded from entering judgment.

Given the ongoing infringement of Plaintiff's copyright and the strong interest in deterring infringement, the seventh *Eitel* factor weighs in favor of granting default judgment against the Defendant.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01649-DOC-AJR                                    Date: October 8, 2024

                                                                                          Page 7

### C.    Remedies

Having determined that default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. Am. Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

Here, the damages that Plaintiff seeks total $157,087.80 which includes (1) statutory damages for direct infringement in the amount of $150,000.00; (2) attorneys' fees in the amount of $6,600.00; and (3) costs in the amount of $487.80.

First, as stated above, the Court finds that $150,000 in statutory damages is not warranted given the lack of evidence that infringement was willful. The Court does find that $80,000 in actual damages based on Plaintiff's lost licensing fees since 2016 is reasonable. *See* Declaration of Michael Grecco in Support of Plaintiff's Motion, Ex 3. (Dkt. 16-2 Ex. 3).

Second, Plaintiff claims that it is entitled to fees in the amount of $6,600 and $487.80 in costs, for a total of $7,087.80. The Court finds this amount reasonable and recoverable.

Plaintiff also seeks a permanent injunction prohibiting Defendant from using the copyrighted Photograph. The Court finds that an injunction is warranted because it protects Plaintiff's copyright and copyrights in general. An injunction is also justified because Plaintiff's damages may be inadequate to compensate for the harm to the market for Plaintiff's photographs. Because Defendant has used a copyrighted Photograph without authorization, Defendant is not harmed by being prohibited from further violating the law.

### IV.    Disposition

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01649-DOC-AJR                                   Date: October 8, 2024

                                                                                Page 8


For the foregoing reasons, the Court **GRANTS** the Motion. In particular, the Court enters judgment in favor of Plaintiff and against Defendant StudioBinder Inc. in the total amount of $87,087.80, which represents:

- Actual damages owed of $80,000.00, and
- Fees and costs in the amount of $7,087.00.

Pursuant to 17 U.S.C. §502(a), Defendant is hereby **ENJOINED** from continuing to store and display Plaintiff's Photograph as is set forth in the Complaint.

Accordingly, the hearing scheduled for October 14, 2024, is **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                  Initials of Deputy Clerk: kdu

CIVIL-GEN